UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

R. TRAVIS COLLINS, as Personal Representative
of the Estate of DAVID KNOWLTON, deceased,

Plaintiff,

**09-22423**

vs.

MARRIOTT INTERNATIONAL, INC., a
Maryland corporation; THE RITZ-CARLTON
HOTEL COMPANY, LLC, a Maryland
corporation; THE RITZ-CARLTON
MANAGEMENT COMPANY, LLC, a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LTD., a foreign corporation; RC
ABACO HOLDING COMPANY, LTD., a foreign
corporation; and ABACO CLUB
ASSOCIATION, LTD., a foreign corporation,

CIV-JORDAN

MCALILEY

Defendants.

_____/

## COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

The Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID

KNOWLTON, deceased, on behalf of the estate and all potential beneficiaries and/or survivors, sues

Defendants, MARRIOTT INTERNATIONAL, INC., a Maryland corporation; THE RITZ-

CARLTON HOTEL COMPANY, LLC, a Maryland corporation; THE RITZ-CARLTON

MANAGEMENT COMPANY, LLC, a Maryland corporation; THE RITZ-CARLTON HOTEL

COMPANY, LTD., a foreign corporation; RC ABACO HOLDING COMPANY, LTD., a foreign

corporation; and ABACO CLUB ASSOCIATION, LTD., a foreign corporation, (collectively, "The

Defendants") for damages, and alleges:

## GENERAL ALLEGATIONS AS TO ALL COUNTS

1.     This is an action in diversity under 28 U.S.C. § 1332 for wrongful death and/or all other applicable law with damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorneys' fees.

2.     At all times material hereto, the Plaintiff, R. TRAVIS COLLINS, is and was a citizen and resident Conyers, Georgia, and has been duly appointed as the Personal Representative of the Estate of DAVID KNOWLTON, who fell to his death on August 19, 2007.  See Letters of Administration attached as Exhibit "A".

3.     Plaintiff, R. TRAVIS COLLINS, is the personal representative of the estate of the David Knowlton.  The survivors of DAVID KNOWLTON and beneficiaries of the estate consist of Julie Knowlton, date of birth March 25, 1974; Grace Marie Knowlton, date of birth November 22, 1996, and Greyson Knowlton, date of birth April 22, 2005.

4.     At all times material, decedent, DAVID KNOWLTON, was a resident of the State of Georgia.

5.     At all times material, Defendant, MARRIOTT INTERNATIONAL INC (hereinafter "MARRIOTT"), is and was a Maryland corporation with its principal place of business in Maryland with an office or agent located at 1201 Hays Street, Tallahassee, FL 32301 and is subject to the personal jurisdiction of this Court pursuant to *Fla. Stat.* §48.193(1)(a).

6.     At all times material, Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC (hereinafter "RITZ HOTEL LLC"), is and was a Maryland corporation with its principal place of business in Maryland with an office or agent located at 1201 Hays Street, Tallahassee, FL

2

32301 and is subject to the personal jurisdiction of this Court pursuant to *Fla. Stat.* §48.193(1)(a).

7.    At all times material, Defendant, THE RITZ-CARLTON MANAGEMENT COMPANY, LLC (hereinafter "RITZ MANAGEMENT LLC"), is and was a Maryland corporation with its principal place of business in Maryland with an office or agent located at 1201 Hays Street, Tallahassee, FL 32301 and is subject to the personal jurisdiction of this Court pursuant to *Fla. Stat.* §48.193(1)(a).

8.    At all times material, Defendant, THE RITZ-CARLTON HOTEL COMPANY, LTD. (hereinafter "RITZ HOTEL LIMITED"), is and was a foreign corporation and agent of MARRIOTT, RITZ MANAGEMENT LLC, and RITZ HOTEL LLC and is subject to the personal jurisdiction of this Court as follows:

    a.    RITZ HOTEL LIMITED, either personally or through its agents, operates, conducts, engages in and/or carries on a business or business venture in Florida based on: (1) marketing of the rental units and real estate of RITZ HOTEL LIMITED owned, operated, and/or managed properties to Florida travel agents and Florida real estate agents; (2) its international, interactive website, http://www.ritzcarltonrealestate.com/residences/landing/abaco/abaco.jsp, accessible to Florida residents to provide information on renting or owning real estate at owned, operated and/or managed by RITZ HOTEL LIMITED; and (3) the RITZ HOTEL LLC office, located on 2700 Tigertail Ave, Miami, FL 33133-5318 that RITZ HOTEL LIMITED does substantial business out of, including the booking of group reservations at property owned, operated, and/or managed by HOTEL COMPANY

3

LTD, and, accordingly, personal jurisdiction over RITZ HOTEL LIMITED is properly exercised pursuant to *Fla. Stat.* §48.193(1)(a);

b.    RITZ HOTEL LIMITED is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, and is subject to the jurisdiction of the courts of this state, whether or not the claim arises from its activity, based on: (1) marketing of the rental units and real estate of RITZ HOTEL LIMITED's owned, operated, and/or managed properties to Florida travel agents and Florida real estate agents; (2) its international, interactive website, http://www.ritzcarltonrealestate.com/residences/landing/abaco/abaco.jsp, accessible to Florida residents to provide information on renting or owning real estate at owned, operated and/or managed by RITZ HOTEL LIMITED; and (3) the RITZ HOTEL LLC's office, located on 2700 Tigertail Ave, Miami, FL 33133-5318 that RITZ HOTEL LIMITED does substantial business out of, including the booking of group reservations at property owned, operated, and/or managed by RITZ HOTEL LIMITED, and, accordingly, personal jurisdiction over RITZ HOTEL LIMITED is properly exercised pursuant to *Fla. Stat.* §48.193(2);

9.    At all times material, Defendant, RC ABACO HOLDING COMPANY, LTD.(hereinafter "ABACO HOLDING"), is and was a foreign corporation, a subsidiary of MARRIOTT, an agent of MARRIOTT, RITZ HOTEL LLC, RITZ HOTEL LIMITED, and RITZ MANAGEMENT LLC, and is subject to the personal jurisdiction of this Court as follows:

a.    ABACO HOLDING, either personally or through its agents, operates, conducts, engages in and/or carries on a business or business venture in Florida based on: (1)

4

marketing of the rental units and real estate of ABACO HOLDING's owned, operated, and/or managed properties to Florida travel agents and Florida real estate agents; (2) its interactive website, http://www.ritzcarltonrealestate.com/residences/ landing/abaco/abaco.jsp, which is accessible to Florida residents to provide information on renting or owning real estate at ABACO HOLDING's owned, operated, and/or managed properties; and (3) the RITZ HOTEL LLC office, located on 2700 Tigertail Ave, Miami, FL 33133-5318 that ABACO HOLDING does substantial business out of, including the booking of group reservations at its Abaco Club property, and, accordingly, personal jurisdiction over ABACO HOLDING is properly exercised pursuant to *Fla. Stat.* §48.193(1)(a);

b.      ABACO HOLDING is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, and is subject to the jurisdiction of the courts of this state, whether or not the claim arises from its activity, based on: (1) marketing of the rental units and real estate of ABACO HOLDING's owned, operated, or managed properties to Florida travel agents and Florida real estate agents; (2) its interactive website, http://www.ritzcarltonrealestate.com/residences/landing/abaco/abaco.jsp, which is accessible to Florida residents to provide information on renting or owing ABACO HOLDING's owned, operated, or managed properties; (3) the RITZ HOTEL LLC's office, located on 2700 Tigertail Ave, Miami, FL 33133-5318 that ABACO HOLDING does substantial business out of, including the booking of group

5

reservations at its Abaco Club property, and, accordingly, personal jurisdiction over

ABACO HOLDING is properly exercised pursuant to *Fla. Stat.* §48.193(2);

10.    At all times material, Defendant, ABACO CLUB ASSOCIATION, LTD ("ABACO

ASSOCIATION"), is and was a foreign corporation, an agent of agent of MARRIOTT, RITZ

HOTEL LLC, RITZ HOTEL LIMITED, RITZ MANAGEMENT LLC, and ABACO

HOLDING, and is subject to the personal jurisdiction of this Court as follows:

   a.    ABACO ASSOCIATION, either personally or through its agents, operates, conducts,

engages in and/or carries on a business or business venture in Florida based on: (1)

marketing of the rental units and real estate owned, operated, and/or managed by

ABACO ASSOCIATION to Florida travel agents and Florida real estate agents; (2)

the interactive website, http://www.ritzcarltonrealestate.com/

residences/landing/abaco/abaco.jsp, which is accessible to Florida residents to provide

information to Florida residents about property owned, operated, and/or managed by

ABACO ASSOCIATION for the purposes of renting or owning real estate at the

Abaco Club, Bahamas; and (3) the RITZ HOTEL LLC's office, located on 2700

Tigertail Ave, Miami, FL 33133-5318 that ABACO ASSOCIATION does substantial

business out of, including the booking of group reservations at its Abaco club

property, and, accordingly, personal jurisdiction over ABACO ASSOCIATION is

properly exercised pursuant to *Fla. Stat.* §48.193(1)(a);

   b.    ABACO ASSOCIATION is engaged in substantial and not isolated activity within

this state, whether such activity is wholly interstate, intrastate, or otherwise, and is

subject to the jurisdiction of the courts of this state, whether or not the claim arises

6

from its activity, based on: (1) marketing of the rental units and real estate owned, operated, and/or managed by ABACO ASSOCIATION to Florida travel agents and Florida real estate agents; (2) the interactive website, http://www.ritzcarltonrealestate.com/ residences/landing/abaco/abaco.jsp, which is accessible to Florida residents to provide information to Florida residents about property owned, operated, and/or managed by ABACO ASSOCIATION for the purposes of renting or owning real estate at the Abaco Club, Bahamas; and (3) the RITZ HOTEL LLC's office, located on 2700 Tigertail Ave, Miami, FL 33133-5318 that ABACO ASSOCIATION does substantial business out of, including the booking of group reservations at its Abaco club property, and, accordingly, personal jurisdiction over ABACO ASSOCIATION is properly exercised pursuant to *Fla. Stat.* §48.193(2);

11.   On August 19, 2007, Plaintiff's decedent, DAVID KNOWLTON, fell to his death while on the Abaco Club, Bahamas property owned by ABACO HOLDING and operated, and/or managed by ABACO HOLDING, RITZ HOTEL LLC, RITZ MANAGEMENT, RITZ HOTEL LIMITED, and ABACO ASSOCIATION.

12.   As a direct and proximate result of The Defendants' negligence and other misconduct as hereinafter alleged, The Defendants are liable to Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, for all damages to which the estate, the survivors and/or beneficiaries are entitled, including, as applicable law may provide, but not limited to:

      a.   Pain and suffering of DAVID KNOWLTON, prior to his death;

7

b. Pain and suffering of the survivors, beneficiaries and heirs to DAVID KNOWLTON;

c. Lost society, companionship, guidance and services of DAVID KNOWLTON to her survivors, beneficiaries and heirs;

d. Loss of support in money or in kind;

e. Lost net accumulations;

f. Lost value of life;

g. Funeral expenses;

h. Any and all other damages to which the survivors, beneficiaries, and/or the Estate of DAVID KNOWLTON may be entitled to recover under applicable law.

13. For the purposes of the subsequent Counts of this Complaint, the term "Plaintiff" will refer to DAVID KNOWLTON.

## COUNT I - NEGLIGENCE AGAINST MARRIOTT

14. At all material times, MARRIOTT's agent owned, operated, and/or managed the Abaco Club, Bahamas property that Plaintiff was an invitee on, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death.

15. At all material times, MARRIOTT owed a duty to the public to exercise reasonable care for the safety and care of invitees to the Abaco Club property that MARRIOTT's agent owned, operated, and/or managed, including Plaintiff.

16. Defendant, MARRIOTT, breached its duty to Plaintiff, including, but not limited to, one or more of the following ways:

8

a.    Failure of MARRIOTT to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of MARRIOTT knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

b.    Failure of MARRIOTT to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of MARRIOTT knew or should have known that guests and invitees of the Abaco Club

9

venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.      Failure of MARRIOTT to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of MARRIOTT knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.      Failure of MARRIOTT to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of MARRIOTT knew or should have known that guests and

10

invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.  Failure of MARRIOTT to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of MARRIOTT knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.  Failure of MARRIOTT to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of MARRIOTT knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

17. At all material times, MARRIOTT knew or should have known that the reckless and dangerous conditions of a property it owns, operates, or manages could result in serious injury or death for one of its guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

11

18.     As a direct and proximate result of the above-described acts and omissions of MARRIOTT, DAVID KNOWLTON was fatally injured and MARRIOTT is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, MARRIOTT INTERNATIONAL, INC. for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court.

## COUNT II - NEGLIGENCE AGAINST RITZ HOTEL LLC

19.     At all material times, RITZ HOTEL LLC's agent owned, operated, and/or managed the Abaco Club, Bahamas property that Plaintiff was an invitee on, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death.

20.     At all material times, RITZ HOTEL LLC owed a duty to the public to exercise reasonable care for the safety and care of invitees to the Abaco Club property that RITZ HOTEL LLC 's agent owned, operated, and/or managed, including Plaintiff.

21.     Defendant, RITZ HOTEL LLC, breached its duty to Plaintiff, including, but not limited to, one or more of the following ways:

    a.     Failure of RITZ HOTEL LLC to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the

surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

b.    Failure of RITZ HOTEL LLC to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.    Failure of RITZ HOTEL LLC to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The

13

changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.     Failure of RITZ HOTEL LLC to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.     Failure of RITZ HOTEL LLC to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on

14

the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f. Failure of RITZ HOTEL LLC to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of RITZ HOTEL LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

22. At all material times, RITZ HOTEL LLC knew or should have known that the reckless and dangerous conditions of a property it owns, operates, or manages could result in serious injury or death for one of its guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

23. As a direct and proximate result of the above-described acts and omissions of RITZ HOTEL LLC, DAVID KNOWLTON was fatally injured and RITZ HOTEL LLC is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC, for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court.

15

## COUNT III - NEGLIGENCE AGAINST RITZ MANAGEMENT LLC

24.     At all material times, RITZ MANAGEMENT LLC's agent owned, operated, and/or managed the Abaco Club, Bahamas property that Plaintiff was an invitee on, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death.

25.     At all material times, RITZ MANAGEMENT LLC owed a duty to the public to exercise reasonable care for the safety and care of invitees to the Abaco Club property that RITZ MANAGEMENT LLC's agent owned, operated, and/or managed, including Plaintiff.

26.     Defendant, RITZ MANAGEMENT LLC, breached its duty to Plaintiff, including, but not limited to, one or more of the following ways:

      a.     Failure of RITZ MANAGEMENT LLC to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ MANAGEMENT LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

      b.     Failure of RITZ MANAGEMENT LLC to inform guests or invitees of the Abaco

Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ MANAGEMENT LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.      Failure of RITZ MANAGEMENT LLC to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ MANAGEMENT LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for

guests and invitees.

d.    Failure of RITZ MANAGEMENT LLC to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ MANAGEMENT LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.    Failure of RITZ MANAGEMENT LLC to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ MANAGEMENT LLC knew or

18

should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

    f.    Failure of RITZ MANAGEMENT LLC to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of RITZ MANAGEMENT LLC knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

27.    At all material times, RITZ MANAGEMENT LLC knew or should have known that the reckless and dangerous conditions of a property it owns, operates, or manages could result in serious injury or death for one of its guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

28.    As a direct and proximate result of the above-described acts and omissions of RITZ MANAGEMENT LLC, DAVID KNOWLTON was fatally injured and RITZ MANAGEMENT LLC is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, THE RITZ-CARLTON MANAGEMENT COMPANY, for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court.

## COUNT IV - NEGLIGENCE AGAINST RITZ HOTEL LIMITED

29.    At all material times, RITZ HOTEL LIMITED's agent owned, operated, and/or managed the Abaco Club, Bahamas property that Plaintiff was an invitee on, including the naturally-formed

overlook point that Plaintiff was standing on before he fell to his death.

30.    At all material times, RITZ HOTEL LIMITED owed a duty to the public to exercise reasonable care for the safety and care of invitees to the Abaco Club property that RITZ HOTEL LIMITED's agent owned, operated, and/or managed, including Plaintiff.

31.    Defendant, RITZ HOTEL LIMITED, breached its duty to Plaintiff, including, but not limited to, one or more of the following ways:

    a.    Failure of RITZ HOTEL LIMITED to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LIMITED knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

    b.    Failure of RITZ HOTEL LIMITED to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding

the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LIMITED knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.    Failure of RITZ HOTEL LIMITED to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LIMITED knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.    Failure of RITZ HOTEL LIMITED to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the

21

dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LIMITED knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.      Failure of RITZ HOTEL LIMITED to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of RITZ HOTEL LIMITED knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.      Failure of RITZ HOTEL LIMITED to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even

22

though employees and/or agents of RITZ HOTEL LIMITED knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

32.     At all material times, RITZ HOTEL LIMITED knew or should have known that the reckless and dangerous conditions of a property it owns, operates, or manages could result in serious injury or death for one of its guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

33.     As a direct and proximate result of the above-described acts and omissions of RITZ HOTEL LIMITED, DAVID KNOWLTON was fatally injured and RITZ HOTEL LIMITED is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, THE RITZ-CARLTON HOTEL COMPANY, LTD., for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court.

## COUNT V - NEGLIGENCE AGAINST ABACO HOLDING

34.     At all material times, ABACO HOLDING's owned, operated, and/or managed, along with the ABACO CLUB's agent, the Abaco Club Bahamas property that Plaintiff was an invitee on, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death.

35.     At all material times, ABACO HOLDING owed a duty to the public to exercise reasonable care for the safety and care of invitees to the Abaco Club property that ABACO HOLDING's agent owned, operated, and/or managed, including Plaintiff.

23

36.    Defendant, ABACO HOLDING, breached its duty to Plaintiff, including, but not limited to, one or more of the following ways:

a.    Failure of ABACO HOLDING to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

b.    Failure of ABACO HOLDING to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven

24

nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.   Failure of ABACO HOLDING to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.   Failure of ABACO HOLDING to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding

property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.  Failure of ABACO HOLDING to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.  Failure of ABACO HOLDING to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of ABACO HOLDING knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

37.  At all material times, ABACO HOLDING knew or should have known that the reckless and dangerous conditions of a property it owns, operates, or manages could result in serious

injury or death for one of its guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

38. As a direct and proximate result of the above-described acts and omissions of ABACO HOLDING, DAVID KNOWLTON was fatally injured and ABACO HOLDING is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, RC ABACO HOLDING COMPANY, LTD., for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court.

## COUNT VI - NEGLIGENCE AGAINST ABACO ASSOCIATION

39. At all material times, ABACO ASSOCIATION's agent owned, operated, and/or managed the Abaco Club, Bahamas property that Plaintiff was an invitee on, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death.

40. At all material times, ABACO ASSOCIATION owed a duty to the public to exercise reasonable care for the safety and care of invitees to the Abaco Club property that ABACO ASSOCIATION's agent owned, operated, and/or managed, including Plaintiff.

41. Defendant, ABACO ASSOCIATION, breached its duty to Plaintiff, including, but not limited to, one or more of the following ways:

   a. Failure of ABACO ASSOCIATION to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff

27

fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

b.   Failure of ABACO ASSOCIATION to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1.  the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.   Failure of ABACO ASSOCIATION to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling

28

from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.   Failure of ABACO ASSOCIATION to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.   Failure of ABACO ASSOCIATION to provide adequate lighting around the

29

surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.      Failure of ABACO ASSOCIATION to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

42.    At all material times, ABACO ASSOCIATION knew or should have known that the reckless and dangerous conditions of a property it owns, operates, or manages could result in serious injury or death for one of its guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

43.    As a direct and proximate result of the above-described acts and omissions of ABACO ASSOCIATION, DAVID KNOWLTON was fatally injured and ABACO ASSOCIATION is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, ABACO CLUB ASSOCIATION, LTD., for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court.

## COUNT VII - VICARIOUS LIABILITY OF MARRIOTT

44.    At all times material, ABACO HOLDING, including the Abaco Club, Bahamas property that it owns, and ABACO ASSOCIATION, are the actual or apparent agents of MARRIOTT.

45.    The operation of the ABACO HOLDING's properties and membership in the ABACO ASSOCIATION are an integral part of MARRIOTT's financial and business interests. Additionally, the ability of guests or invitees to enjoy the natural beauty of ABACO HOLDING's and ABACO ASSOCIATION properties, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death, further promotes the image and the financial and business interests of MARRIOTT and its agents, ABACO HOLDING and ABACO ASSOCIATION.

46.    At all times material, ABACO HOLDING and ABACO ASSOCIATION acted within the actual, express, or implied authority of MARRIOTT in owning, operating, and managing the Abaco Club, Bahamas property that Plaintiff fell from and died.

47.    MARRIOTT retained control over ABACO HOLDING and ABACO ASSOCIATION with respect to its operation and/or management of the Abaco Club property.

48.    At all times material, DAVID KNOWLTON justifiably relied upon the actual and/or apparent agency relationship between MARRIOTT, its owners and operators on the one hand and ABACO HOLDING and ABACO ASSOCIATION on the other.

31

49.     Accordingly, ABACO HOLDING and ABACO ASSOCIATION are actual or apparent agents of MARRIOTT and as ABACO HOLDING's and ABACO ASSOCIATION's principal, MARRIOTT is vicariously liable for the acts and omissions of ABACO HOLDING's and ABACO ASSOCIATION in addition to being liable for its own active negligence.

50.     Defendants, ABACO HOLDING and ABACO ASSOCIATION, breached their duty to Plaintiff, including, but not limited to, one or more of the following ways:

   a.     Failure of ABACO HOLDING and ABACO ASSOCIATION to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

   b.     Failure of ABACO HOLDING and ABACO ASSOCIATION to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the

32

windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.  Failure of ABACO HOLDING and ABACO ASSOCIATION to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

33

d.     Failure of ABACO HOLDING and ABACO ASSOCIATION to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.     Failure of ABACO HOLDING and ABACO ASSOCIATION to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the

34

Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

    f.    Failure of ABACO HOLDING and ABACO ASSOCIATION to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

51.    At all times material, ABACO HOLDING and ABACO ASSOCIATION knew or should have known that the reckless and dangerous conditions of a property they own, operate, or manage could result in serious injury or death for one of their guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

52.    As a direct and proximate result of the above-described acts and omissions of ABACO HOLDING and ABACO ASSOCIATION , DAVID KNOWLTON was fatally injured and MARRIOTT, by and through its agents, ABACO HOLDING and ABACO ASSOCIATION, is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, MARRIOTT INTERNATIONAL, INC., for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court account of its vicarious liability for the negligence of its agents, RC ABACO HOLDING COMPANY, LTD and ABACO CLUB ASSOCIATION, LTD.

## COUNT VIII - VICARIOUS LIABILITY OF RITZ HOTEL LLC

53.   At all times material, ABACO HOLDING, including the Abaco Club, Bahamas property that it owns, and ABACO ASSOCIATION, are the actual or apparent agents of RITZ HOTEL LLC.

54.   The operation of the ABACO HOLDING's properties and membership in the ABACO ASSOCIATION are an integral part of RITZ HOTEL LLC's financial and business interests. Additionally, the ability of guests or invitees to enjoy the natural beauty of ABACO HOLDING's and ABACO ASSOCIATION properties, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death, further promotes the image and the financial and business interests of RITZ HOTEL LLC, and its agents, ABACO HOLDING and ABACO ASSOCIATION.

55.   At all times material, ABACO HOLDING and ABACO ASSOCIATION acted within the actual, express, or implied authority of RITZ HOTEL LLC in owning, operating, and managing the Abaco Club, Bahamas property that Plaintiff fell from and died.

56.   RITZ HOTEL LLC retained control over ABACO HOLDING and ABACO ASSOCIATION with respect to its operation and/or management of the Abaco Club property.

57.   At all times material, DAVID KNOWLTON justifiably relied upon the actual and/or apparent agency relationship between RITZ HOTEL LLC, its owners and operators on the one hand and ABACO HOLDING and ABACO ASSOCIATION on the other.

58.   Accordingly, ABACO HOLDING and ABACO ASSOCIATION are actual or apparent agents of RITZ HOTEL LLC and as ABACO HOLDING's and ABACO ASSOCIATION's principal, RITZ HOTEL LLC is vicariously liable for the acts and omissions of ABACO

36

HOLDING's and ABACO ASSOCIATION in addition to being liable for its own active negligence.

59. Defendants, ABACO HOLDING and ABACO ASSOCIATION, breached their duty to Plaintiff, including, but not limited to, one or more of the following ways:

    a. Failure of ABACO HOLDING and ABACO ASSOCIATION to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

    b. Failure of ABACO HOLDING and ABACO ASSOCIATION to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on

the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.     Failure of ABACO HOLDING and ABACO ASSOCIATION to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.     Failure of ABACO HOLDING and ABACO ASSOCIATION to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area

38

that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.    Failure of ABACO HOLDING and ABACO ASSOCIATION to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.    Failure of ABACO HOLDING and ABACO ASSOCIATION to construct a warning

39

system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

60.    At all times material, ABACO HOLDING and ABACO ASSOCIATION knew or should have known that the reckless and dangerous conditions of a property they own, operate, or manage could result in serious injury or death for one of their guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

61.    As a direct and proximate result of the above-described acts and omissions of ABACO HOLDING and ABACO ASSOCIATION, DAVID KNOWLTON was fatally injured and RITZ HOTEL LLC, by and through its agents, ABACO HOLDING and ABACO ASSOCIATION, is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC, for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court account of its vicarious liability for the negligence of its agents, RC ABACO HOLDING COMPANY, LTD and ABACO CLUB ASSOCIATION, LTD.

## COUNT VIV - VICARIOUS LIABILITY OF RITZ MANAGEMENT LLC

62.    At all times material, ABACO HOLDING, including the Abaco Club, Bahamas property that it owns, and ABACO ASSOCIATION, are the actual or apparent agents of RITZ MANAGEMENT LLC.

63. The operation of the ABACO HOLDING's properties and membership in the ABACO ASSOCIATION are an integral part of RITZ MANAGEMENT LLC's financial and business interests. Additionally, the ability of guests or invitees to enjoy the natural beauty of ABACO HOLDING's and ABACO ASSOCIATION properties, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death, further promotes the image and the financial and business interests of RITZ MANAGEMENT LLC, and its agents, ABACO HOLDING and ABACO ASSOCIATION.

64. At all times material, ABACO HOLDING and ABACO ASSOCIATION acted within the actual, express, or implied authority of RITZ MANAGEMENT LLC in owning, operating, and managing the Abaco Club, Bahamas property that Plaintiff fell from and died.

65. RITZ MANAGEMENT LLC retained control over ABACO HOLDING and ABACO ASSOCIATION with respect to its operation and/or management of the Abaco Club property.

66. At all times material, DAVID KNOWLTON justifiably relied upon the actual and/or apparent agency relationship between RITZ MANAGEMENT LLC, its owners and operators on the one hand and ABACO HOLDING and ABACO ASSOCIATION on the other.

67. Accordingly, ABACO HOLDING and ABACO ASSOCIATION are actual or apparent agents of RITZ MANAGEMENT LLC and as ABACO HOLDING's and ABACO ASSOCIATION's principal, RITZ MANAGEMENT LLC is vicariously liable for the acts and omissions of ABACO HOLDING and ABACO ASSOCIATION in addition to being liable for its own active negligence.

68. Defendants, ABACO HOLDING and ABACO ASSOCIATION, breached their duty to

Plaintiff, including, but not limited to, one or more of the following ways:

a.      Failure of ABACO HOLDING and ABACO ASSOCIATION to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

b.      Failure of ABACO HOLDING and ABACO ASSOCIATION to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though

42

employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

c.    Failure of ABACO HOLDING and ABACO ASSOCIATION to erect barriers or handrails around the surrounding the area that Plaintiff fell from to protect guests and invitees from falling from the area as a result of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

d.    Failure of ABACO HOLDING and ABACO ASSOCIATION to post an agent or employee around the surrounding the area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell

43

from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.     Failure of ABACO HOLDING and ABACO ASSOCIATION to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.     Failure of ABACO HOLDING and ABACO ASSOCIATION to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the

44

Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

69.   At all times material, ABACO HOLDING and ABACO ASSOCIATION knew or should have known that the reckless and dangerous conditions of a property they own, operate, or manage could result in serious injury or death for one of their guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

70.   As a direct and proximate result of the above-described acts and omissions of ABACO HOLDING and ABACO ASSOCIATION, DAVID KNOWLTON was fatally injured and RITZ MANAGEMENT LLC, by and through its agents, ABACO HOLDING and ABACO ASSOCIATION, is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, THE RITZ-CARLTON MANAGEMENT COMPANY, LLC, for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court account of its vicarious liability for the negligence of its agent, RC ABACO HOLDING COMPANY, LTD and ABACO CLUB ASSOCIATION, LTD.

## COUNT X - VICARIOUS LIABILITY OF RITZ HOTEL LIMITED

71.   At all times material, ABACO HOLDING, including the Abaco Club, Bahamas property that it owns, and ABACO ASSOCIATION, are the actual or apparent agents of RITZ HOTEL LIMITED.

72.   The operation of the ABACO HOLDING's properties and membership in the ABACO ASSOCIATION are an integral part of RITZ HOTEL LIMITED's financial and business interests. Additionally, the ability of guests or invitees to enjoy the natural beauty of ABACO

HOLDING's and ABACO ASSOCIATION properties, including the naturally-formed overlook point that Plaintiff was standing on before he fell to his death, further promotes the image and the financial and business interests of RITZ HOTEL LIMITED, and its agents, ABACO HOLDING and ABACO ASSOCIATION.

73. At all times material, ABACO HOLDING and ABACO ASSOCIATION acted within the actual, express, or implied authority of RITZ HOTEL LIMITED in owning, operating, and managing the Abaco Club, Bahamas property that Plaintiff from and died.

74. RITZ HOTEL LIMITED retained control over ABACO HOLDING and ABACO ASSOCIATION with respect to their operation and/or management of the Abaco Club property.

75. At all times material, DAVID KNOWLTON justifiably relied upon the actual and/or apparent agency relationship between RITZ HOTEL LIMITED, its owners and operators on the one hand and ABACO HOLDING and ABACO ASSOCIATION on the other.

76. Accordingly, ABACO HOLDING and ABACO ASSOCIATION are actual or apparent agents of RITZ HOTEL LIMITED and as ABACO HOLDING's and ABACO ASSOCIATION's principal, RITZ HOTEL LIMITED is vicariously liable for the acts and omissions of ABACO HOLDING and ABACO ASSOCIATION in addition to being liable for its own active negligence.

77. Defendants, ABACO HOLDING and ABACO ASSOCIATION, breached their duty to Plaintiff, including, but not limited to, one or more of the following ways:

    a.    Failure of ABACO HOLDING and ABACO ASSOCIATION to post adequate, clearly visible, clearly legible warning signs at or around the Abaco Club property area

that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

b.     Failure of ABACO HOLDING and ABACO ASSOCIATION to inform guests or invitees of the Abaco Club, through written or oral communications, of the dangers surrounding the area that Plaintiff fell from to inform guests and invitees of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and

47

invitees.

c.      Failure of ABACO HOLDING and ABACO ASSOCIATION to erect barriers or

handrails around the surrounding the area that Plaintiff fell from to protect guests and

invitees from falling from the area as a result of: 1. the windy conditions surrounding

the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook

area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area

that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area

that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff

fell from versus the surrounding property; and 5. The jagged, uneven nature of the

surface area that Plaintiff fell from, even though employees and/or agents of ABACO

HOLDING and ABACO ASSOCIATION knew or should have known that guests

and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from

because it is a popular attraction for guests and invitees.

d.      Failure of ABACO HOLDING and ABACO ASSOCIATION to post an agent or

employee around the surrounding the area that Plaintiff fell from to warn guests and

invitees about the dangers of: 1. the windy conditions surrounding the outlook area

that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff

fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell

from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell

from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus

the surrounding property; and 5. The jagged, uneven nature of the surface area that

Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and

ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

e.    Failure of ABACO HOLDING and ABACO ASSOCIATION to provide adequate lighting around the surrounding area that Plaintiff fell from to warn guests and invitees about the dangers of: 1. the windy conditions surrounding the outlook area that Plaintiff fell from; 2. the turbulent seas surrounding the outlook area that Plaintiff fell from; the wet, slippery nature of the terrain of the outlook area that Plaintiff fell from; 3. The changes in elevation on the surface of the outlook area that Plaintiff fell from; 4. The changes in elevation of the outlook area that Plaintiff fell from versus the surrounding property; and 5. The jagged, uneven nature of the surface area that Plaintiff fell from, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

f.    Failure of ABACO HOLDING and ABACO ASSOCIATION to construct a warning system alerting Abaco Club security of when a person, such as Plaintiff, falls from their property, even though employees and/or agents of ABACO HOLDING and ABACO ASSOCIATION knew or should have known that guests and invitees of the Abaco Club venture onto the area of the club that Plaintiff fell from because it is a popular attraction for guests and invitees.

78.    At all times material, ABACO HOLDING and ABACO ASSOCIATION knew or should

have known that the reckless and dangerous conditions of a property they own, operate, or manage could result in serious injury or death for one of their guests or invittee's and, as such, posed an unreasonable risk to persons in the foreseeable area, including Plaintiff.

79.     As a direct and proximate result of the above-described acts and omissions of ABACO HOLDING and ABACO ASSOCIATION , DAVID KNOWLTON was fatally injured and RITZ HOTEL LIMITED, by and through its agents, ABACO HOLDING and ABACO ASSOCIATION, is liable to him for damages.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendant, THE RITZ-CARLTON HOTEL COMPANY, LTD., for compensatory damages, interest and costs, and such other relief deemed appropriate by this Court account of its vicarious liability for the negligence of its agent, RC ABACO HOLDING COMPANY, LTD and ABACO CLUB ASSOCIATION, LTD.

## DAMAGES

80.     As a direct and proximate result of the fall and consequent death of DAVID KNOWLTON, decedent, Plaintiff, R. TRAVIS COLLINS, brings this action for wrongful death and/or whatever law this Court deems appropriate and claims all damages to which the estate, survivors and/or beneficiaries may be entitled, including, but not limited to:

a.      Pain and suffering of DAVID KNOWLTON, prior to his death;

b.      Pain and suffering of the survivors, beneficiaries, and heirs to DAVID KNOWLTON;

c.      Loss of society, companionship, guidance and services of DAVID KNOWLTON to the survivors;

    d.     Loss of support in money or in kind;

    e.     Loss of net accumulations;

    f.     Loss value of life

    g.     Funeral expenses;

    h.     Any other damages to which the Estate of DAVID KNOWLTON, and/or the survivors and/or beneficiaries may be entitled under the applicable law.

WHEREFORE, Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, demands judgment against Defendants, MARRIOTT INTERNATIONAL, INC., THE RITZ-CARLTON HOTEL COMPANY, LLC, THE RITZ-CARLTON MANAGEMENT COMPANY, LLC, THE RITZ-CARLTON HOTEL COMPANY, LTD., RC ABACO HOLDING COMPANY, LTD., and ABACO CLUB ASSOCIATION, LTD., for compensatory damages, costs and such other relief this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Dated: August 17, 2009.

51

DOFFERMYRE SHIELDS CANFIELD KNOWLES
    & DEVINE, LLC
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Phone:  404-881-8900
Fax:         404-881-3007
By:          Everette Doffermyre, Esquire
              Marti Fessenden, Esquire
E-Mail:     edoffermyre@dsckd.com
              mfessenden@dsckd.com

       and

LAW OFFICES OF ROBERT L. PARKS, P. L.
2121 Ponce de Leon Boulevard, Suite 505
Coral Gables, Florida 33134
Phone:  305/445-4430
Fax:         305/445-4431
E-Mail:     Bob@RLPlegal.com

By:_____
      ROBERT L. PARKS, Florida Bar Number 061436

*Attorneys for Plaintiff*

GEORGIA PROBATE COURT
STANDARD FORM

STATE OF GEORGIA                                    ESTATE NUMBER:  208166
COUNTY OF  FULTON

## LETTERS TESTAMENTARY
### (Relieved of Filing Returns)

By _____ Pinkie T. Toomer _____, Judge of the Probate Court of
said County.

KNOW ALL WHOM IT MAY CONCERN:

That on the _26th_ day of ___September___, 20 07, at a regular term of the Probate Court, the

last    Will    and    Testament    dated__November    8___,    2005___,of_____

_David Richard Knowlton_____deceased, at the time of ___His___death a resident of

said County, was legally proven in ___Solemn___ form and was admitted to record by order, and it was

further ordered that___Robert Travis Collins_____ named as Executor(s) in said Will, be

allowed to qualify, and that upon so doing, Letters Testamentary be issued to such Executor(s).

NOW, THEREFORE, the said _Robert Travis Collins_ , having taken the oath of office and

complied with all the necessary prerequisites of the law, is/are legally authorized to discharge all the

duties and exercise all the powers of Executor(s) under the Will of said deceased, according to the Will

and the law.

Given under my hand and official seal, the ___1st___ day of __OCTOBER_____, 2007 .

_____
Judge of the Probate Court

NOTE:   The following must be signed if the judge does not
        sign the original of this document:

Issued by:

_____
Clerk, Probate Court

Court Docketing Code W10 C.F.  or  **W11 S.F.**
Recorded in Letters of Testamentary Book _206_     Page 228

### CERTIFICATION OF COPY

This document consisting of ___ page(s)
is hereby certified to be a true copy of an
original document on file in the Probate Court
of Fulton County, Georgia. In witness whereof,
I have hereto set my official signature and
affixed the seal of the probate court at the
County and State aforesaid on __10-1-__   2007.

_____
Laticia White, Clerk Fulton County Probate Court

# EXHIBIT "A"

*&JS 44   (Rev. 2/08)

# 09 - 22423   CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**FILED** AUG 17 2009

## I. (a) PLAINTIFFS
R. TRAVIS COLLINS, etc.

**(b)** County of Residence of First Listed Plaintiff   Conyers, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Parks of Law Offices of Robert L. Parks, P. L., 2121 Ponce de
Leon Boulevard, Suite 505, Coral Gables, Florida 33134, telephone
305-445-4430

**DEFENDANTS**
MARRIOTT INTERNATIONAL, INC., etc., et al.

AUG 17 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

## CIV - JORDAN

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
✓ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

McALILEY

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ✓ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ■ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE                                   DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332 Diversity-Plaintiff's decedent fell to his death while on Defendant's property on 8/19/2007.

LENGTH OF TRIAL via  8  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   8-17-2009

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1006679
08/17/09