UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative of
the Estate of DAVID KNOWLTON, deceased,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., a Maryland corporation; THE RITZ-CARLTON HOTEL COMPANY, LLC, a Maryland corporation; THE RITZ-CARLTON MANAGEMENT COMPANY, LLC, a Maryland corporation; THE RITZ-CARLTON HOTEL, COMPANY, LTD., a foreign corporation; THE ABACO CLUB RC, LTD., a foreign corporation, and THE ABACO CLUB ASSOCIATION, LTD., a foreign corporation,

    Defendants.

_____/

## PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENAS DUCES TECUM WITHOUT DEPOSITION TO PLAINTIFF'S EXPERTS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, R. Travis Collins, as Personal Representative of the Estate of David Knowlton, deceased, files this Motion to Quash Defendants' Subpoenas Duces Tecum without Deposition served on Frederick A. Raffa, Ph.D., Robert W. McIntosh, William R. Anderson, M.D., and Robert Simon, Ph.D, RPIH, CEC, DABB, and states as follows:

1. Pursuant to the Court's Order Setting Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge, (DE 61), and Local Rule 16.1.K, Plaintiff served defendants with expert witness summaries and reports of Dr. Raffa, Mr. McIntosh, Dr. Anderson, and Dr. Simon.

2. On September 30, 2010, Defendants served Notices of Serving Subpoena Duces Tecum without Deposition to Plaintiff, notifying plaintiff that Defendants intended to subpoena documents belonging to Dr. Raffa, Mr. McIntosh, Dr. Anderson, and Dr. Simon. The subpoenas attached to the notices demand certain documents "[w]ithin fourteen (14) days after the date of service at 10:00 a.m." (Composite Exhibit A).

3. These subpoenas, which are apparently filed pursuant to Federal Rule of Civil Procedure 45, ask for more information than that required by Federal Rule 26 or Local Rule 16.1.K, such as affidavits, deposition transcripts, and trial transcripts for testimony each expert has given within the last four years, even though Federal Rule 26 only requires the expert to provide "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition[.]" Fed. R. Civ. P. 26(a)(2)(B)(v).

### Memorandum of Law

Courts throughout the nation have held "that the discovery of the facts and opinions of [experts who have been retained to testify in the case] cannot obtain solely under Rule 45 where, as here, a bare subpoena duces tecum has issued for the experts' files." *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992). *See also Newcomb v. Principal Mut. Life Ins. Co.*, 2008 WL 3539520, *2 (W.D.N.C. Aug. 11, 2008) ("None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum."). *Perry v. United States*, 1997 WL 53136, *1 (N.D. Tex. Feb. 4, 1997) ("A party may not circumvent the limitations of Rule 26 and gain access to opposing expert evidence via a bare subpoena duces tecum."). *Greer v. Anglemeyer*, 1996 WL 56557, *2 (N.D. Ind. 1996) (explaining that a litigant "may not use a Rule 45 subpoena to obtain [the expert's] records because Rule 26(b)(4) limits his right of access to those records.").

In *Marsh*, the federal court explained that the comments to Rule 45 indicated that Rule 45 was not intended to "apply to the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4). Rule 45, 1991 Amendment, Subsection (c) advisory committee notes." 141 F.R.D. at 432-33. The court explained that Rule 26(b)(4) and 30 were "traditionally seen as limitations on the methods by which information may be discovered from experts retained by a party," explaining that:

> None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum. Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial. These methods are tried and true. They both are simple and provide protection for the parties and witnesses. They contemplate gathering information first from the party *viz* Rule 26(b). In the event a party wishes to deal directly with the opponent's expert, Rule 30 permits the use of a deposition. In conjunction with that deposition, the expert might be served also with a Rule 45 subpoena duces tecum requiring him to produce a designated list of materials or things. The most important attribute of these discovery methods is that they protect the interests of the expert and the party retaining him in the work that he has produced, while also providing access to the opposing party, though such access might not be as inexpensive as the opponent might desire.
>
> While the court is sympathetic to defendant's argument in this case that much expense and potentially some time might be saved by permitting discovery under Rule 45 of the experts here in question, it seems to the court that the drafters of the Rules could have accounted for that if it had been their intention to do so. The court declines to construe the Rules in a manner that would rewrite them, either by adding to or taking away from one or the other.

*Id.* at 433.

Because a bare subpoena duces tecum is not permitted as a matter of law to support a demand for expert records, Plaintiff requests that these subpoenas be quashed.

3

WHEREFORE, the Plaintiff, R. Travis Collins, as Personal Representative of the Estate of David Knowlton, deceased, respectfully requests that the Court quash the subpoenas duces tecum served on Frederick A. Raffa, Ph.D., Robert W. McIntosh, William R. Anderson, M.D., and Robert Simon, Ph.D, RPIH, CEC, DABB and for any other relief the Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

Respectfully submitted,

DOFFERMYRE SHIELDS CANFIELD
   & KNOWLES, LLC
1355 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: 404/881-8900
Facsimile: 404/881-3007
By:      Everette L. Doffermyre, Esq.
          Martha J. Fessenden, Esq.
E-mail:  edoffermyre@dsckd.com
          mfessenden@dsckd.com

and

LAW OFFICES OF ROBERT L. PARKS, P.L.
2121 Ponce de Leon Boulevard, Suite 505
Coral Gables, FL 33134
Telephone: 305/445-4430
Facsimile: 305/445-4431
E-mail:  bob@RLPlegal.com
*Counsel for Plaintiff*

BY: _____
ROBERT L. PARKS
Florida Bar No.: 061436

4

Collins v. Marriott International<br>CASE NO. 09-22423-CIV-JORDAN/McALILEY

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **October 13th, 2010**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

_____<br>
ROBERT L. PARKS<br>
Florida Bar No.: 061436

Collins v. Marriott International
CASE NO. 09-22423-CIV-JORDAN/McALILEY

## SERVICE LIST

Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
David N. Gambach, Esq.
Florida Bar No.: 8540
dgambach@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL 33131
Telephone:   305/379-3686
Facsimile:    305/379-3090
*Counsel for Defendants*

Everette L. Doffermyre, Esq.
edoffermyre@dsckd.com
Martha J. Fessenden, Esq.
mfessenden@dsckd.com
Doffermyre Shields Canfield & Knowles, LLC
1355 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:   404/881-8900
Facsimile:    404/881-3007
*Co-Counsel for Plaintiff*

6