UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative of the
Estate of DAVID KNOWLTON, deceased,

        Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., *et al.*

        Defendants.          /

### DEFENDANT'S NOTICE OF SERVING SUBPOENA DUCES TECUM WITHOUT DEPOSITION

Defendants hereby give notice of serving the attached subpoena to F. Raffa.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served, via Telefax & U.S. Mail, to counsel of record on the attached Service List on this 20th day of September, 2010.

        Respectfully submitted,

        _____
        DAVID N. GAMBACH, ESQ.
        Florida Bar No. 8540
        Hamilton, Miller & Birthisel, LLP
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131
        Tel: (305) 379-3686  Fax: (305) 379-3090

### SERVICE LIST

| | |
|---|---|
| Marti Fessenden, Esquire<br>DOFFERMYRE SHIELDS CANFIELD<br>KNOWLES & DEVINE<br>1355 Peachtree Street, Suite 1600<br>Atlanta, GA 30309<br>Phone: 404-881-8900  Fax: 404-881-3007 | LAW OFFICES OF ROBERT L. PARKS, P.L.<br>2121 Ponce de Leon Boulevard, Suite 505<br>Coral Gables, Florida 33134<br>Phone: 305-445-4430<br>Fax:     305-445-4431 |

AO 88 (Rev. 12/07) Subpoena in a Civil Case
==================================================================

**Issued by the**
UNITED STATES DISTRICT COURT
Middle District of Florida

| | |
|---|---|
| R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased,<br><br>    Plaintiff<br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., *et al*<br><br>    Defendants.<br>_____/ | Pending In<br>United States District Court<br>Southern District of Florida<br>Miami Division<br>Case No. 09-22423-CIV-JORDAN/McALILEY<br><br>**SUBPOENA DUCES TECUM WITHOUT DEPOSITION IN A CIVIL CASE** |

TO:  Frederick A. Raffa, Ph.D.
     Raffa Consulting Economists, Inc.
     17 South Osceola Avenue, Suite 200
     Orlando, FL 32801

√ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:**

\*\*See List of Materials Requested attached at Appendix 1.\*\*

| **PLACE**<br>David N. Gambach, Esq.<br>Jerry D. Hamilton, Esq.<br>HAMILTON MILLER & BIRTHISEL, LLP,<br>150 SE SECOND AVENUE, Suite 1200,<br>Miami, Florida 33131 | **DATE AND TIME**<br>Within fourteen (14) days after the date of service.<br>at 10:00 a.m. |
|---|---|

\*\*Records may be be mailed; reasonable costs for copies and mailing will be reimbursed or prepaid upon timely request\*\*

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF)    DATE

*[signature]*    Sept. 30, 2010

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
David N. Gambach, Esq.
Jerry D. Hamilton, Esquire,
HAMILTON MILLER & BIRTHISEL, LLP,
150 Southeast Second Avenue, Suite 1200,
Miami, Florida 33131,
Tel No.:(305) 379-3686
Fax No.: 305-379-3690

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

3

# Appendix 1

## List of Materials Requested

1. YOUR FULL AND COMPLETE FILE ASSOCIATED WITH SERVICES RENDERED AS AN EXPERT WITNESS IN THIS CASE, INCLUDING WITHOUT LIMITATION: ALL REPORTS, DOCUMENTS, PAPERS, NOTES, CORRESPONDENCE, E-MAILS, MEMOS, STUDIES, SUMMARIES, RAW DATA, PHOTOS, DIGITAL IMAGES, VIDEOS, MATERIALS AND RECORDS OF ANY KIND OR NATURE THAT YOU HAVE GENERATED (INCLUDING ANY DRAFTS), RECEIVED, REVIEWED, REFERENCED, OR COLLECTED.

2. ALL DOCUMENTS WHICH ARE OR DESCRIBE THE CONTRACT OR AGREEMENT FOR YOUR SERVICES AS AN EXPERT WITNESS IN THIS CASE.

3. YOUR CURRENT RESUME, CASE LISTING, AND A LISTING OF YOUR PUBLICATIONS IN THE FIELD OF YOUR EXPERTISE.

4. THE RESUMES OF ANY ASSOCIATES, EMPLOYEES, TECHNICIANS OR OTHERS WHO ASSISTED IN YOUR WORK ON THIS CASE. (You may omit those rendering exclusively secretarial services in responding to this item)

5. YOUR BILLING AND FINANCIAL FILES FOR SERVICES PROVIDED IN THIS CASE—INCLUDING WITHOUT LIMITATION INVOICES, ACCOUNT STATEMENTS, TIME SHEETS, JOB LOGS, NOTES, RECORDS, MEMORANDUM, CORRESPONDENCE, EXPENSE REPORTS, RCIEPTS, AND ANY OTHER RECORDS WHICH YOU HAVE GENERATED, RECEIVED OR MADE A PART OF YOUR FINANCIAL RECORDS FOR THE SERVICES RENDERED IN THIS CASE.

6. AFFIDAVITS, DEPOSITION TRANSCRIPTS, AND TRIAL TRANSCRIPTS FOR TESTIMONY YOU HAVE GIVEN WITHIN THE LAST FOUR YEARS.

7. ARTICLES, TEXTS, SCHOLARLY PAPERS, ILLUSTRATIONS, OR ANY OTHER PUBLICATION YOU AUTHORED THAT CONCERN THE ISSUES ON WHICH YOU WILL BE TESTIFYING IN THIS CASE.

8. ANY MATERIALS THAT YOU MAY USE TO PRESENT OR EXPLAIN YOUR OPINIONS AND CONCLUSIONS IN THIS CASE.

9. THIS SUBPOENA SEEKS TO OBTAIN A FULL AND COMPLETE COPY OF YOUR ENTIRE FILES ASSOCIATED WITH YOUR WORK AS AN EXPERT IN THIS CASE. IF THERE ARE ANY RECORDS, DOCUMENTS OR MATERIALS WHICH YOU HAVE REVIEWED, REFERENCED, GENERATED (INCLUDING ANY DRAFTS), OBTAINED, COLLECTED, RECEIVED, OR WERE PROVIDED FROM ANY SOURCE (INCLUDING WITHOUT LIMITATION PLAINTIFF'S COUNSEL) IN CONNECTION WITH YOUR WORK IN THIS CASE THAT WERE NOT PRODUCED IN RESPONSE TO ONE OF THE FOREGOING ITEMS LISTED ABOVE, THEY ARE HEREBY SOUGHT AND SHOULD BE PROVIDED WHEN YOU RESPOND TO THIS SUBPOENA.

OCT 04 2010

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative of the
Estate of DAVID KNOWLTON, deceased,

        Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., *et al.*

        Defendants.      /

### DEFENDANT'S NOTICE OF SERVING
### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

Defendants hereby give notice of serving the attached subpoena to R. McIntosh.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served, via Telefax & U.S. Mail, to counsel of record on the attached Service List on this 30th day of September, 2010.

Respectfully submitted,

_____
DAVID N. GAMBACH, ESQ.
Florida Bar No. 8540
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Tel: (305) 379-3686  Fax: (305) 379-3090

### SERVICE LIST

| | |
|---|---|
| Marti Fessenden, Esquire<br>DOFFERMYRE SHIELDS CANFIELD<br>KNOWLES & DEVINE<br>1355 Peachtree Street, Suite 1600<br>Atlanta, GA 30309<br>Phone: 404-881-8900  Fax: 404-881-3007 | LAW OFFICES OF ROBERT L. PARKS, P.L.<br>2121 Ponce de Leon Boulevard, Suite 505<br>Coral Gables, Florida 33134<br>Phone: 305-445-4430<br>Fax:    305-445-4431 |

AO 88 (Rev. 12/07) Subpoena in a Civil Case
==================================================================

**Issued by the**
UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased,<br><br>    Plaintiff<br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., et al<br><br>    Defendants.<br>_____/ | Pending In<br>United States District Court<br>Southern District of Florida<br>Miami Division<br>Case No. 09-22423-CIV-<br>JORDAN/McALILEY<br><br>**SUBPOENA DUCES TECUM WITHOUT DEPOSITION IN A CIVIL CASE** |

TO:   Robert W. McIntosh
       Hotel Experts, LLC
       24 Highwood Lane
       Ipswich, MA 01938

√ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:**

**\*\*See List of Materials Requested attached at Appendix 1.\*\***

| **PLACE**<br>David N. Gambach, Esq.<br>Jerry D. Hamilton, Esq.<br>HAMILTON MILLER & BIRTHISEL, LLP,<br>150 SE SECOND AVENUE, Suite 1200,<br>Miami, Florida 33131 | **DATE AND TIME**<br>Within fourteen (14) days after the date of service.<br>at 10:00 a.m. |
|---|---|

\*\*Records may be be mailed; reasonable costs for copies and mailing will be reimbursed or prepaid upon timely request\*\*

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF) | DATE |
|---|---|
| *[signature]* | Sept. 30, 2010 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
David N. Gambach, Esq.
Jerry D. Hamilton, Esquire,
HAMILTON MILLER & BIRTHISEL, LLP,
150 Southeast Second Avenue, Suite 1200,
Miami, Florida 33131,
Tel No.:(305) 379-3686
Fax No.: 305-379-3690

---

**PROOF OF SERVICE**

| DATE | PLACE |

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE                                          SIGNATURE OF SERVER

                                                          ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) W hen Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue
hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

2

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Appendix 1

## List of Materials Requested

1. YOUR FULL AND COMPLETE FILE ASSOCIATED WITH SERVICES RENDERED AS AN EXPERT WITNESS IN THIS CASE, INCLUDING WITHOUT LIMITATION: ALL REPORTS, DOCUMENTS, PAPERS, NOTES, CORRESPONDENCE, E-MAILS, MEMOS, STUDIES, SUMMARIES, RAW DATA, SURVEYS, PLANS, DEPICTIONS, PHOTOS, DIGITAL IMAGES, VIDEOS, MATERIALS AND RECORDS OF ANY KIND OR NATURE THAT YOU HAVE GENERATED (INCLUDING ANY DRAFTS), RECEIVED, REVIEWED, REFERENCED, OR COLLECTED.

2. ALL DOCUMENTS WHICH ARE OR DESCRIBE THE CONTRACT OR AGREEMENT FOR YOUR SERVICES AS AN EXPERT WITNESS IN THIS CASE.

3. YOUR CURRENT RESUME, CASE LISTING, AND A LISTING OF YOUR PUBLICATIONS IN THE FIELD OF YOUR EXPERTISE.

4. THE RESUMES OF ANY ASSOCIATES, EMPLOYEES, TECHNICIANS OR OTHERS WHO ASSISTED IN YOUR WORK ON THIS CASE. (You may omit those rendering exclusively secretarial services in responding to this item)

5. YOUR BILLING AND FINANCIAL FILES FOR SERVICES PROVIDED IN THIS CASE—INCLUDING WITHOUT LIMITATION INVOICES, ACCOUNT STATEMENTS, TIME SHEETS, JOB LOGS, NOTES, RECORDS, MEMORANDUM, CORRESPONDENCE, EXPENSE REPORTS, RCIEPTS, AND ANY OTHER RECORDS WHICH YOU HAVE GENERATED, RECEIVED OR MADE A PART OF YOUR FINANCIAL RECORDS FOR THE SERVICES RENDERED IN THIS CASE.

6. AFFIDAVITS, DEPOSITION TRANSCRIPTS, AND TRIAL TRANSCRIPTS FOR TESTIMONY YOU HAVE GIVEN WITHIN THE LAST FOUR YEARS.

7. ARTICLES, TEXTS, SCHOLARLY PAPERS, ILLUSTRATIONS, OR ANY OTHER PUBLICATION YOU AUTHORED THAT CONCERN THE ISSUES ON WHICH YOU WILL BE TESTIFYING IN THIS CASE.

8. ANY MATERIALS THAT YOU MAY USE TO PRESENT OR EXPLAIN YOUR OPINIONS AND CONCLUSIONS IN THIS CASE.

9. THIS SUBPOENA SEEKS TO OBTAIN A FULL AND COMPLETE COPY OF YOUR ENTIRE FILES ASSOCIATED WITH YOUR WORK AS AN EXPERT IN THIS CASE. IF THERE ARE ANY RECORDS, DOCUMENTS OR MATERIALS WHICH YOU HAVE REVIEWED, REFERENCED, GENERATED (INCLUDING ANY DRAFTS), OBTAINED, COLLECTED, RECEIVED, OR WERE PROVIDED FROM ANY SOURCE (INCLUDING WITHOUT LIMITATION PLAINTIFF'S COUNSEL) IN CONNECTION WITH YOUR WORK IN THIS CASE THAT WERE NOT PRODUCED IN RESPONSE TO ONE OF THE FOREGOING ITEMS LISTED ABOVE, THEY ARE HEREBY SOUGHT AND SHOULD BE PROVIDED WHEN YOU RESPOND TO THIS SUBPOENA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative of the
Estate of DAVID KNOWLTON, deceased,

        Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., *et al.*

        Defendants.        /

### DEFENDANT'S NOTICE OF SERVING SUBPOENA DUCES TECUM WITHOUT DEPOSITION

Defendants hereby give notice of serving the attached subpoena to W. Anderson.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served, via Telefax & U.S. Mail, to counsel of record on the attached Service List on this 30th day of September, 2010.

Respectfully submitted,

_____
DAVID N. GAMBACH, ESQ.
Florida Bar No. 8540
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Tel: (305) 379-3686  Fax: (305) 379-3090

### SERVICE LIST

| | |
|---|---|
| Marti Fessenden, Esquire<br>DOFFERMYRE SHIELDS CANFIELD<br>KNOWLES & DEVINE<br>1355 Peachtree Street, Suite 1600<br>Atlanta, GA 30309<br>Phone: 404-881-8900  Fax: 404-881-3007 | LAW OFFICES OF ROBERT L. PARKS, P.L.<br>2121 Ponce de Leon Boulevard, Suite 505<br>Coral Gables, Florida 33134<br>Phone: 305-445-4430<br>Fax:    305-445-4431 |

AO 88 (Rev. 12/07) Subpoena in a Civil Case
==================================================================

## Issued by the
### UNITED STATES DISTRICT COURT
Middle District of Florida

| | |
|---|---|
| R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased,<br><br>    Plaintiff<br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., *et al*<br><br>    Defendants.<br>_____/ | Pending In<br>United States District Court<br>Southern District of Florida<br>Miami Division<br>Case No. 09-22423-CIV-JORDAN/McALILEY<br><br>**SUBPOENA DUCES TECUM WITHOUT DEPOSITION IN A CIVIL CASE** |

TO:   William R. Anderson, M.D.
      Forensic Dimensions
      1630 Bridgewater Drive
      Heathrow, FL 32746

√ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:**

  **\*\*See List of Materials Requested attached at Appendix 1.\*\***

| **PLACE**<br>David N. Gambach, Esq.<br>Jerry D. Hamilton, Esq.<br>HAMILTON MILLER & BIRTHISEL, LLP,<br>150 SE SECOND AVENUE, Suite 1200,<br>Miami, Florida 33131 | **DATE AND TIME**<br>Within fourteen (14) days after the date of service.<br>at 10:00 a.m. |
|---|---|

\*\*Records may be be mailed; reasonable costs for copies and mailing will be reimbursed or prepaid upon timely request\*\*

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF) | DATE |
|---|---|
| *[signature]* | Sept. 30, 2010 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
David N. Gambach, Esq.
Jerry D. Hamilton, Esquire,
HAMILTON MILLER & BIRTHISEL, LLP,
150 Southeast Second Avenue, Suite 1200,
 Miami, Florida 33131,
Tel No.:(305) 379-3686
Fax No.: 305-379-3690

---

**PROOF OF SERVICE**

```
_____        _____
       DATE                         PLACE
```

```
_____    _____
SERVED ON (PRINT NAME)             MANNER OF SERVICE
```

```
_____    _____
SERVED BY (PRINT NAME)             TITLE
```

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                  DATE             SIGNATURE OF SERVER

                                   _____
                                   ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

2

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
     (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
     (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
     (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       (i) expressly make the claim; and
       (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
     (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Appendix 1

# List of Materials Requested

1. YOUR FULL AND COMPLETE FILE ASSOCIATED WITH SERVICES RENDERED AS AN EXPERT WITNESS IN THIS CASE, INCLUDING WITHOUT LIMITATION: ALL REPORTS, DOCUMENTS, PAPERS, NOTES, CORRESPONDENCE, E-MAILS, MEMOS, STUDIES, SUMMARIES, RAW DATA, PHOTOS, DIGITAL IMAGES, VIDEOS, MATERIALS AND RECORDS OF ANY KIND OR NATURE THAT YOU HAVE GENERATED (INCLUDING ANY DRAFTS), RECEIVED, REVIEWED, REFERENCED, OR COLLECTED.

2. ALL DOCUMENTS WHICH ARE OR DESCRIBE THE CONTRACT OR AGREEMENT FOR YOUR SERVICES AS AN EXPERT WITNESS IN THIS CASE.

3. YOUR CURRENT RESUME, CASE LISTING, AND A LISTING OF YOUR PUBLICATIONS IN THE FIELD OF YOUR EXPERTISE.

4. THE RESUMES OF ANY ASSOCIATES, EMPLOYEES, TECHNICIANS OR OTHERS WHO ASSISTED IN YOUR WORK ON THIS CASE. (You may omit those rendering exclusively secretarial services in responding to this item)

5. YOUR BILLING AND FINANCIAL FILES FOR SERVICES PROVIDED IN THIS CASE—INCLUDING WITHOUT LIMITATION INVOICES, ACCOUNT STATEMENTS, TIME SHEETS, JOB LOGS, NOTES, RECORDS, MEMORANDUM, CORRESPONDENCE, EXPENSE REPORTS, RCIEPTS, AND ANY OTHER RECORDS WHICH YOU HAVE GENERATED, RECEIVED OR MADE A PART OF YOUR FINANCIAL RECORDS FOR THE SERVICES RENDERED IN THIS CASE.

6. AFFIDAVITS, DEPOSITION TRANSCRIPTS, AND TRIAL TRANSCRIPTS FOR TESTIMONY YOU HAVE GIVEN WITHIN THE LAST FOUR YEARS.

7. ARTICLES, TEXTS, SCHOLARLY PAPERS, ILLUSTRATIONS, OR ANY OTHER PUBLICATION YOU AUTHORED THAT CONCERN THE ISSUES ON WHICH YOU WILL BE TESTIFYING IN THIS CASE.

8. ANY MATERIALS THAT YOU MAY USE TO PRESENT OR EXPLAIN YOUR OPINIONS AND CONCLUSIONS IN THIS CASE.

9. THIS SUBPOENA SEEKS TO OBTAIN A FULL AND COMPLETE COPY OF YOUR ENTIRE FILES ASSOCIATED WITH YOUR WORK AS AN EXPERT IN THIS CASE. IF THERE ARE ANY RECORDS, DOCUMENTS OR MATERIALS WHICH YOU HAVE REVIEWED, REFERENCED, GENERATED (INCLUDING ANY DRAFTS), OBTAINED, COLLECTED, RECEIVED, OR WERE PROVIDED FROM ANY SOURCE (INCLUDING WITHOUT LIMITATION PLAINTIFF'S COUNSEL) IN CONNECTION WITH YOUR WORK IN THIS CASE THAT WERE NOT PRODUCED IN RESPONSE TO ONE OF THE FOREGOING ITEMS LISTED ABOVE, THEY ARE HEREBY SOUGHT AND SHOULD BE PROVIDED WHEN YOU RESPOND TO THIS SUBPOENA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative of the
Estate of DAVID KNOWLTON, deceased,

        Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., *et al.*

        Defendants.        /

### DEFENDANT'S NOTICE OF SERVING
### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

Defendants hereby give notice of serving the attached subpoena to R. Simon.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served, via Telefax & U.S. Mail, to counsel of record on the attached Service List on this 30th day of September, 2010.

        Respectfully submitted,

        _____
        DAVID N. GAMBACH, ESQ.
        Florida Bar No. 8540
        Hamilton, Miller & Birthisel, LLP
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131
        Tel: (305) 379-3686  Fax: (305) 379-3090

### SERVICE LIST

| | |
|---|---|
| Marti Fessenden, Esquire<br>DOFFERMYRE SHIELDS CANFIELD<br>KNOWLES & DEVINE<br>1355 Peachtree Street, Suite 1600<br>Atlanta, GA 30309<br>Phone: 404-881-8900   Fax: 404-881-3007 | LAW OFFICES OF ROBERT L. PARKS, P.L.<br>2121 Ponce de Leon Boulevard, Suite 505<br>Coral Gables, Florida 33134<br>Phone: 305-445-4430<br>Fax:    305-445-4431 |

AO 88 (Rev. 12/07) Subpoena in a Civil Case
======================================================================

**Issued by the**
UNITED STATES DISTRICT COURT
Middle District of Florida

| | |
|---|---|
| R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased,<br><br>    Plaintiff<br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., *et al*<br><br>    Defendants.<br>_____/ | Pending In<br>United States District Court<br>Southern District of Florida<br>Miami Division<br>Case No. 09-22423-CIV-<br>JORDAN/McALILEY<br><br>**SUBPOENA DUCES TECUM WITHOUT DEPOSITION IN A CIVIL CASE** |

TO:   Robert Simon, Ph.D., RPIH, CEC, DABB
       AAA Simon Holding, LLC
       202 South 22nd Street, Suite 105
       Tampa, FL 33605

√ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

       **\*\*See List of Materials Requested attached at Appendix 1.\*\***

| PLACE | DATE AND TIME |
|---|---|
| David N. Gambach, Esq.<br>Jerry D. Hamilton, Esq.<br>HAMILTON MILLER & BIRTHISEL, LLP,<br>150 SE SECOND AVENUE, Suite 1200,<br>Miami, Florida 33131 | Within fourteen (14) days after the date of service.<br>at 10:00 a.m. |

\*\*Records may be be mailed; reasonable costs for copies and mailing will be reimbursed or prepaid upon timely request\*\*

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF)   DATE

*[signature]*                                              Sept. 30, 2010

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
David N. Gambach, Esq.
Jerry D. Hamilton, Esquire,
HAMILTON MILLER & BIRTHISEL, LLP,
150 Southeast Second Avenue, Suite 1200,
Miami, Florida 33131,
Tel No.:(305) 379-3686
Fax No.: 305-379-3690

**PROOF OF SERVICE**

| DATE | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE                                    SIGNATURE OF SERVER

                                                                                             ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:
**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) W hen Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue
hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

2

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

3

# Appendix 1

# List of Materials Requested

1. YOUR FULL AND COMPLETE FILE ASSOCIATED WITH SERVICES RENDERED AS AN EXPERT WITNESS IN THIS CASE, INCLUDING WITHOUT LIMITATION: ALL REPORTS, DOCUMENTS, PAPERS, NOTES, CORRESPONDENCE, E-MAILS, MEMOS, STUDIES, SUMMARIES, RAW DATA, PHOTOS, DIGITAL IMAGES, VIDEOS, MATERIALS AND RECORDS OF ANY KIND OR NATURE THAT YOU HAVE GENERATED (INCLUDING ANY DRAFTS), RECEIVED, REVIEWED, REFERENCED, OR COLLECTED.

2. ALL DOCUMENTS WHICH ARE OR DESCRIBE THE CONTRACT OR AGREEMENT FOR YOUR SERVICES AS AN EXPERT WITNESS IN THIS CASE.

3. YOUR CURRENT RESUME, CASE LISTING, AND A LISTING OF YOUR PUBLICATIONS IN THE FIELD OF YOUR EXPERTISE.

4. THE RESUMES OF ANY ASSOCIATES, EMPLOYEES, TECHNICIANS OR OTHERS WHO ASSISTED IN YOUR WORK ON THIS CASE. (You may omit those rendering exclusively secretarial services in responding to this item)

5. YOUR BILLING AND FINANCIAL FILES FOR SERVICES PROVIDED IN THIS CASE—INCLUDING WITHOUT LIMITATION INVOICES, ACCOUNT STATEMENTS, TIME SHEETS, JOB LOGS, NOTES, RECORDS, MEMORANDUM, CORRESPONDENCE, EXPENSE REPORTS, RCIEPTS, AND ANY OTHER RECORDS WHICH YOU HAVE GENERATED, RECEIVED OR MADE A PART OF YOUR FINANCIAL RECORDS FOR THE SERVICES RENDERED IN THIS CASE.

6. AFFIDAVITS, DEPOSITION TRANSCRIPTS, AND TRIAL TRANSCRIPTS FOR TESTIMONY YOU HAVE GIVEN WITHIN THE LAST FOUR YEARS.

7. ARTICLES, TEXTS, SCHOLARLY PAPERS, ILLUSTRATIONS, OR ANY OTHER PUBLICATION YOU AUTHORED THAT CONCERN THE ISSUES ON WHICH YOU WILL BE TESTIFYING IN THIS CASE.

8. ANY MATERIALS THAT YOU MAY USE TO PRESENT OR EXPLAIN YOUR OPINIONS AND CONCLUSIONS IN THIS CASE.

9. THIS SUBPOENA SEEKS TO OBTAIN A FULL AND COMPLETE COPY OF YOUR ENTIRE FILES ASSOCIATED WITH YOUR WORK AS AN EXPERT IN THIS CASE. IF THERE ARE ANY RECORDS, DOCUMENTS OR MATERIALS WHICH YOU HAVE REVIEWED, REFERENCED, GENERATED (INCLUDING ANY DRAFTS), OBTAINED, COLLECTED, RECEIVED, OR WERE PROVIDED FROM ANY SOURCE (INCLUDING WITHOUT LIMITATION PLAINTIFF'S COUNSEL) IN CONNECTION WITH YOUR WORK IN THIS CASE THAT WERE NOT PRODUCED IN RESPONSE TO ONE OF THE FOREGOING ITEMS LISTED ABOVE, THEY ARE HEREBY SOUGHT AND SHOULD BE PROVIDED WHEN YOU RESPOND TO THIS SUBPOENA.