UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.  09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as P.R. of the Estate of
DAVID KNOWLTON,

        Plaintiff,
v.

MARRIOTT INTERNATIONAL, INC., *et al.*

        Defendants.
_____/

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH SUBPOENAS TO PLAINTIFF'S EXPERTS [D.E. 101]**

"A subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness. Fed.R.Civ.P. 34(c) ("A person not a party to the action may be compelled to produce documents and things ... as provided in Rule 45")." *Expeditors International of Washing, Inc. v. Vastera, Inc.,* No. 04-C-0321, 2004 WL 406999 (N.D. Ill. Feb, 26, 2004), citing *All W. Pet Supply Co. v. Hill's Pet Prods. Div.,* 152 F.R.D. 634, 639 (D. Kan. 1993) ("With regard to nonparties such as plaintiff's expert witness, a request for documents may be made by subpoena *duces tecum* pursuant to Rule 45."); *Western Res., Inc. v. Union Pac. R.R. Co.,* No. 00-2043-CM, 2002 WL 1822428 at *3 (D. Kan. July 23, 2002)(ordering expert to produce testimony pursuant to Rule 45 subpoena); *Thomas v. Marina Assocs.,* 202 F.R.D. 433, 434 (E.D. Pa. 2001) (denying motion to quash subpoenas directed to expert); *Quaile v. Carol Cable Co.,* Civ. A.

No. 90-7415, 1992 WL 277981 at *2 (E.D. Pa. Oct. 5, 1992) (discussing *Marsh* and granting motion to compel discovery regarding expert's opinions pursuant to subpoena). *And see Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, No. 02 C 5893, 2008 WL 687220 at *2 (N.D. Ill., March 10, 2008) stating:

> It is clear, however, that "a subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness."

Additionally, the case relied upon by Plaintiff, *Marsh v. Jackson*, No. 91-0016-C, 141 F.R.D. 431 (W.D. Va. Feb. 27, 1992)—not binding here—based its conclusion on the absence of commentary in the 1991 Advisory Notes to subsection (c) of Rule 45.[1] *Id.* at 432-433. But this part of the rule address the protections afforded to the recipient of the subpoena—not the parties to the lawsuit. Further, the context of the comment addressed the need to protect *unretained* experts from being compelled to give their expertise without appropriate compensation. Accordingly, the deference to Rule 26(b)(4) in the parenthetical does not specifically preclude use of the Rule to obtain the records needed to prepare for the deposition of

---

[1] Clause (ii) addresses the problem, perceived to be an increasing one, of the attempt to extract expert testimony from a nonparty witness. It applies only to a person not retained as an expert by a party. (With a party-retained expert, the extensive provisions of Rule 26(b)(4) are left to govern.) If such an unretained expert is called, clause (ii) seeks to guard against anything that can amount to an expert opinion from that person if no compensation has been arranged for it. The opinion is deemed to fall within the realm of intellectual property, and the revisors were concerned that any effort to coerce an opinion from the expert without compensation would amount to a "taking" of the property in the constitutional sense. One possibility, to avoid the problem, especially when the expert is receptive, is for the court to make an order under clauses (ii) and (iii) of paragraph (3)(B) making reasonable compensation of the witness a condition to the compelling of the expert opinion.

2

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Plaintiff's expert; nor does it mandate resort to Rule 26(b)(4). Instead, it is acknowledgement that experts should be compensated for their expertise and that unretained experts need additional protections in this respect. And it is worth noting the commentary to the Rule also states:

> Under Rule 45 as amended in 1991, a subpoena duces tecum seeking the production of documents (or other materials) from a nonparty may be used independently of the regular testimonial subpoena; the two are no longer wedded, as they were under the prior version of Rule 45.
>
> * * *
>
> A simple subpoena duces tecum is now available for service on a nonparty under Rule 45, without any purported scheduling of a deposition of the nonparty.
>
> * * *
>
> Hence, where the desired documents or other tangibles are in the custody of a nonparty, a subpoena duces tecum can get them. And it can get them for use at the trial itself or for use in conjunction with a deposition.

1991 Amendment, Subsection (a) advisory committee notes.

Additionally, the Rules have changed since the *Marsh* decision. *See e.g.* 1993 Advisory Committee's Note to Rule 26(a)(2)(B) quoted infra, addressing the expanded the scope of expert discovery. Thus, the underpinnings of *Marsh* are questionable.

Moreover, Plaintiff lacks standing to challenge the subpoenas at issue. *See Brown v Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (if the party has no personal right or privilege with respect to the materials subpoenaed, it will not have standing to make the motion [to quash]). And absent a showing of such privilege

3

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

the subpoenas should not be quashed. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). Here no privilege is identified. And none could be sustained given that these are testifying experts. *See* 1993 Advisory Committee's Note to Rule 26(a)(2)(B) ("litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure.."); *and see Musselman v. Phillips*, 176 F.R.D. 194, 199 (D. Md. 1997):

> [W]hen an attorney communicates otherwise protected work product to an expert witness retained for the purposes of providing opinion testimony at trial--whether factual in nature or containing the attorney's opinions or impressions--that information is discoverable if it is considered by the expert.

The communication is discoverable even if the expert did not rely upon it in forming his opinions since the expert may have considered the communication in developing his opinions. *Id.* at 202.

While Plaintiff complains that the subpoenas seek more than is allowed under the Rules, this is not true. *See* discussion supra*; and see* the subpoenas at D.E. 101-1. *See also Western*, 2002 WL at *4, quoted infra. And, in fact, the very documents Plaintiff notes as falling outside the scope of the rule were allowed via a Rule 45 subpoena in *Thomas,* 202 F.R.D. at 434.

Thus, there is no reason to read the Rule narrowly; the Plaintiff cannot avoid providing its experts' files and delay will only serve to prejudice the defense in preparing for the depositions of Plaintiff's experts. *See Western*, 2002 WL at *4 ("Discovery of all material possessed by an expert relating to the matter at hand

4

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

develops a record which prevents a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date.").

*Wherefore*, Defendants respectfully request Plaintiff's motion to Quash [D.E. 101] be denied.

Respectfully submitted,

s/ David N. Gambach
**DAVID N. GAMBACH, ESQ.**
Florida Bar No. 8540
Hamilton, Miller & Birthisel, LLP
Attorneys for Defendants
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Tel:  (305) 379-3686
Fax:  (305) 379-3090
e-mail: dgambach@hamiltonmillerlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Thursday, October 14, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

s/ David N. Gambach

**SERVICE LIST**

| | |
|---|---|
| Marti Fessenden, Esquire<br>DOFFERMYRE SHIELDS CANFIELD KNOWLES & DEVINE<br>1355 Peachtree Street, Suite 1600<br>Atlanta, GA 30309<br>Phone: 404-881-8900<br>Fax:            404-881-3007<br>Email: edoffermyre@dsckd.com<br>            mfessenden@dsckd.com | Robert Parks, Esq.<br>LAW OFFICES OF ROBERT L. PARKS, P.L.<br>2121 Ponce de Leon Boulevard, Suite 505<br>Coral Gables, Florida 33134<br>Phone: 305-445-4430<br>Fax:    305-445-4431<br>E-mail:         bob@RLPlegal.com |

5

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690