UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as P.R. of the Estate of
David Knowlton,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., et al,

    Defendants.
_____/

## **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO QUASH**

Defendants do not cite, let alone make any effort to distinguish *Newcomb v. Principal Mut. Life Ins. Co.*, 2008 WL 3539520, *2 (W.D.N.C. Aug. 11, 2008), *Perry v. United States*, 1997 WL 53136, *1 (N.D. Tex. Feb. 4, 1997), or *Greer v. Anglemeyer*, 1996 WL 56557, *2 (N.D. Ind. 1996), each of which holds that a litigant may not use a Rule 45 subpoena to obtain the expert's records related to his opinions for a party in the case because Rule 26(b)(4) and Rule 30 are the proper vehicles for such expert discovery. These decisions expressly follow the central holding in *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. Feb. 27, 1992) that the use of bare Rule 45 subpoenas duces tecum are not permitted. Defendants' argument that *Marsh* should be ignored has already been rejected by courts throughout the nation.

The cases relied upon by defendants are distinguishable in that they involved subpoenas to experts limited to documents concerning the expert's work <u>in other cases</u>. In fact, three of the cases cited by defendants expressly acknowledge the *Marsh* rule, but find it inapplicable where the subpoena seeks discovery about <u>other cases</u> in which the expert has opined. *See Expeditors*

*Int'l of Washington, Inc.*, No. 04 C 0321, 2004 WL 406999, *3 (N.D. Ill. Feb. 26, 2004) (". . . *Marsh* criticizes the service of subpoenas on experts to obtain information pertaining directly to the party, but does not prohibit the use of a subpoena 'to uncover information about other cases' in which an expert has served. . . . Unlike the *Marsh* case, Vastera is not seeking to circumvent the normal discovery process by pursuing from Dudney information relating to Expeditors, the party in the underlying action."); *Thomas v. Marina Assocs.*, 202 F.R.D. 433 (E. D. Pa. 2001) ("In the *Marsh* line of cases, the person subpoenaed was generally the expert him- or herself, and the information sought pertained directly to one of the parties in the case. . . . The requirement that a subpoena duces tecum to a retained expert accompany or postdate a Rule 30 deposition may not apply in the case of a request for documents unrelated to a party[.]"); *Quaile v. Carol Cable Co., Inc.*, No. 90-7415, 1992 WL 277981, *1 (E.D. Pa. Oct. 5, 1992) (citing *Marsh* for the proposition that "[i]t is also recognized that a subpoena under Fed.R.Civ.P. 45, with respect to experts expected to be called at trial, is limited by Fed.R.Civ.P. 26" in a case involving a Rule 45 subpoena for materials related to <u>other</u> cases after the expert was deposed and produced his file on the case at issue). *Western Resources, Inc. v. Union Pacific Railroad Co.*, No. 00-2043-CM, 2002 WL 1822428 (D. Kan. July 23, 2002) and *All West Pet Supply Co. v. Hill's Pet Products*, 152 F.R.D. 634 (D. Kan. 1993) also involve requests for information on <u>other cases</u> in which the expert was involved.

The subpoenas in this case also seek information involving the expert's work for Plaintiff, including:

> 1. Your full and complete file <u>associated with services rendered as an expert witness in this case,</u> including without limitation: all reports, documents, papers, notes, correspondence, e-mails, memos, studies, summaries, raw data, photos, digital images, videos, materials and records

>   of any kind or nature that you have generated (including any drafts), received, reviewed, referenced, or collected.
>
> 2. All documents which are or describe the contract or agreement for your services <u>as an expert witness in this case</u>.
>
>    \* \* \*
>
> 5. Your billing and financial files for <u>services provided in this case</u>–including without limitation invoices, account statements, time sheets, job logs, notes, records, memorandum, correspondence, expense reports, rciepts [sic], and any other records which you have generated, received or made a part of your financial records for the services rendered in this case.
>
>    \* \* \*
>
> 9. This subpoena seeks to obtain a full and complete copy of your entire files <u>associated with your work as an expert in this case</u>. If there are any records, documents or materials which you have reviewed, referenced, generated (including any drafts), obtained, collected, received, or were provided from any source (including without limitation plaintiff's counsel) in connection with your work in this case that were not produced in response to one of the foregoing items listed above, they are hereby sought and should be provided when you respond to this subpoena.

*Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, No 02 C 5893, 2008 WL 687220 (N.D. Ill. Mar. 10, 2008) also did not involve a bare Rule 45 subpoena for case-related material relied upon by an expert, as the court noted the discovery went beyond the parties' stipulation to provide documents and information the expert relied upon. Id at \*2.

Defendants also argue that Plaintiff lacks standing to object to bare subpoenas duces tecum without deposition of Plaintiff's experts based on two decisions neither of which involve expert witnesses at all. *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979); *Windsor v. Martindale*, 175 F.R.D. 665 (D. Colo. 1997). In fact, in *Thomas v. Marina Associates*, a case relied on by the defendants, the court explained that a party may move to quash a Rule 45 subpoena duces tecum served on the party's expert in circumstances like the instant case "because the information

3

sought related to the party seeking quash the subpoena, or was protected by a privilege held by the party seeking to quash the subpoena." 202 F.R.D at 434 (internal citations omitted). *See also Smith v. Transducer Tech., Inc.*, No. Civ.1995/28, 2000 WL 1717334 (D. V.I. Nov. 16, 2000) (collecting cases). In this case, Plaintiff has standing because the documents defendants seek from these experts are directly related to the Plaintiff. Moreover, as the court in *Smith* pointed out, "[i]t would also be unfair and unwieldy to require the expert witnesses to retain counsel to contest such subpoenas. *Id.* at *2 n.2.

        Respectfully submitted,

        DOFFERMYRE SHIELDS CANFIELD
          & KNOWLES, LLC
        1355 Peachtree Street, Suite 1600
        Atlanta, GA 30309
        Telephone: 404/881-8900
        Facsimile: 404/881-3007
        By:     Everette L. Doffermyre, Esq.
                   Martha J. Fessenden, Esq.
        E-mail:  edoffermyre@dsckd.com
                   mfessenden@dsckd.com

        and

        LAW OFFICES OF ROBERT L. PARKS, P.L.
        2121 Ponce de Leon Boulevard, Suite 505
        Coral Gables, FL 33134
        Telephone: 305/445-4430
        Facsimile: 305/445-4431
        E-mail:  bob@RLPlegal.com
        *Counsel for Plaintiff*

BY: _____
        ROBERT L. PARKS, Florida Bar No.: 061436

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 19, 2010**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

_____
ROBERT L. PARKS, Florida Bar No.: 061436

## Service List

Everette L. Doffermyre, Esquire
edoffermyre@dsckd.com
Martha J. Fessenden, Esquire
mfessenden@dsckd.com
Doffermyre Shields Canfield & Knowles, LLC
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Phone: 404-881-8900
Fax:           404-881-3007
***Co-Counsel for Plaintiff***

David Neal Gambach, Esquire
dgambach@hamiltonmillerlaw.com
Jerry D. Hamilton, Esquire
jhamilton@hamiltonmillerlaw.com
Hamilton Miller & Birthisel LLP
150 SE Second Avenue, Suite 1200
Miami, Florida 33131
Phone: 305-379-3686
Fax:           305-379-3090
***Counsel for Defendants***