UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative of
the Estate of DAVID KNOWLTON, deceased,

      Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., et al.

      Defendants.

_____/

**PLAINTIFF'S OBJECTIONS AND INCORPORATED MEMORANDUM
OF LAW IN RESPONSE TO MAGISTRATE JUDGE'S ORDERS
ON DEFENDANTS' RENEWED MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 72(a), Southern District of Florida Local

Magistrate Judge Rule 4(a)(1), and 28 U.S.C. section 636(b)(1)(A), Plaintiff files his Objections

and Incorporated Memorandum of Law to Magistrate Judge McAliley's two Orders [DE 117 and

129] on Defendants' Renewed Motion to Compel, attached hereto, which require the production

of highly sensitive, privileged and confidential communications between Mr. Knowlton and his

psychotherapist.  The Orders are clearly erroneous, contrary to law, and should be reconsidered

and reversed by this Court.

**Introduction**

This case arises from the wrongful death of Plaintiff's decedent, David Knowlton, who

fell to his death while standing on an overlook point on property located at the Abaco Club in the

Bahamas.  Defendants have raised unsupported allegations of suicide as one of their affirmative

defenses, and on this basis have sought to obtain discovery of Mr. Knowlton's confidential

psychotherapist notes.  Magistrate Judge McAliley first ruled that she needed to review the

confidential psychotherapist notes *in camera* before she could determine whether Defendants were entitled to their production [DE 117]. Following this review, the judge found that none of the notes reveal "thoughts of suicide," bit only showed that "Mr. Knowlton was emotionally upset by his marital problems." DE 129 at 2. Despite this finding, the judge erroneously issued a final order which acknowledged the "highly confidential communications" contained in the psychotherapist notes but nonetheless ordered the production of ten pages of notes.[1]

### Discussion

Both Mr. Knowlton and his therapist were Georgia residents, and Magistrate Judge McAliley properly recognized that Georgia law provides "exceeding strict" protection of such communications. *See* DE 117 at 5. Because Georgia law conflicts with Florida law in this respect, it was necessary to turn to the Restatement (Second) of Conflicts of Laws § 139(2) to determine whether the forum state (Florida) or the state with the most significant relationship with these privileged communications (Georgia) should prevail.

The Magistrate Judge improperly applied the multi-factor test contained in the Restatement to determine that Mr. Knowlton's sensitive and highly confidential therapist sessions must be disclosed despite Georgia's strong public policy against such invasive discovery. *See* DE 117 at 7. All four of the factors contained in the Restatement and listed in the Magistrate Judge's first order militate in favor of applying Georgia law to protect Mr. Knowlton's privacy. In his original order, the Magistrate Judge accurately determined that the first factor – the number and nature of the forum's contact with the parties and transaction –

---

[1] The Magistrate Judge reviewed 24 pages of notes, and only required the production of 10 pages constituting the therapy sessions undertaken by Mr. Knowlton in the months immediately prior to his death, finding the older notes to be irrelevant and non-discoverable. *See* DE 129 at 3. Plaintiff agrees with this aspect of the Magistrate Judge's Final Order.

2

"weighs in favor of the Plaintiff," since Florida has no connection to Mr. Knowlton and the communications with his therapist took place in Georgia. *See* DE 117 at 7.

However, the judge misapplied the third factor – the kind of privilege involved – by focusing exclusively on whether Georgia's strict enforcement of the privilege was unique. The comments concerning this factor in the Restatement indicate that a court should be more inclined to enforce the privilege to the extent that it is "well established and recognized in many states." Restatement (Second) of Conflict of Laws § 139(2), cmt. d. The therapist-patient privilege is a common privilege, and is recognized by both Florida and Georgia. While this privilege has been interpreted more broadly in Georgia, this should not have been made determinative of the outcome since it is the widespread <u>existence</u> of the privilege (and not its <u>scope</u> in any given state) that gives the privilege sufficient weight and credibility to be enforced by the forum state. Thus, "[a] court will be much less likely to reject a foreign privilege where it is the same as a privilege recognized in the forum state; <u>that is, where the conflict is over details of the privilege rather than over the fundamental question of whether the relationship is worthy of protection</u>." 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5435 (1st ed.). Here, the judge inappropriately focused on the <u>details</u> when considering this factor, instead of on the fact that both Florida and Georgia have deemed the privilege worthy of protection.

In addition, the therapist-patient privilege also involves highly sensitive, private and confidential communications, which the Magistrate Judge did not consider in his analysis. When considering the "nature of privilege" prong the court should keep in mind that "[a] privilege designed to protect rights of privacy in intimate relationships is entitled to greater respect." *Id.* Such respect was not given to the privilege by the Magistrate Judge when he ordered disclosure.

3

The judge deferred consideration of the second and fourth factors (i.e., materiality and fairness) until after his *in camera* review of the therapist notes. In his second Order, the judge incorrectly determined that these factors also fell in favor of disclosure. *See* DE 129 at 2-3.

With respect to materiality, the judge observed that the notes she ordered disclosed <u>do not</u> indicate that "Mr. Knowlton expressed thoughts of suicide" but merely showed that "Mr. Knowlton was emotionally upset by his marital problems." *Id.* at 2. Thus, the judge concluded that the confidential therapist notes "certainly do not answer the question why Mr. Knowlton fell from the cliff at the Abaco Club, [but] they do shed light on this emotional state in the weeks leading up to his death." *Id.* at 3.

This was an insufficient showing to conclude that the materiality prong favored disclosure. Materiality is not met if the privileged materials are "unlikely to affect the result of the case or could be proved some other way." Restatement (Second) of Conflict of Laws § 139(2), cmt. d. The unsurprising fact that Mr. Knowlton was "emotionally upset by his marital problems" cannot support the Defendants' suicide theory, particularly when the notes lack any suggestion that Mr. Knowlton was suicidal or expressed suicidal thoughts. This is particularly so when the judge himself acknowledged that the remainder of Defendants' "evidence" to support their suicide theory "does require speculation…, as there is no direct evidence that Mr. Knowlton committed suicide." DE 117 at 4. If the rule enunciated by the Magistrate Judge were to stand, then therapist notes will almost always be deemed "material" any time a defendant raises a suicide affirmative defense, since therapy is designed to address and treat emotional issues and therapy notes will undoubtedly show evidence that the patient was "emotionally upset." In the <u>absence</u> of any evidence of <u>suicidal</u> thoughts, ideations or tendencies (as here),

4

notes revealing run-of-the-mill emotional problems following the discovery of an affair are not material to an already tenuous and speculative allegation of suicide.

Moreover, the Defendants already have at their disposal several non-privileged avenues to allegedly demonstrate that Mr. Knowlton was "emotionally upset by his marital problems," as delineated in their own reply memorandum. *See* DE 109 at 3, ft. 4 (citing three witnesses who Defendants claim testified at deposition that "the decedent discovered the affair and was taking it hard – needing to have his spirits raised"). Instead of invading Mr. Knowlton's sacrosanct therapist privilege, Defendants' should rely instead on such non-privileged evidence to prove Mr. Knowlton's general emotional state – which is the full extent of what the therapists notes reveal.

Finally, the judge also erred in analyzing the "fairness" factor. Fairness under the Restatement requires the preservation of the privilege where it was <u>relied upon</u> by the communicating party, and such reliance may be found "if the parties although unaware of the existence of the privilege, <u>made the communication in reliance on the fact that communications of the sort involved are treated in strict confidence in the state of most significant relationship</u>." Restatement (Second) of Conflict of Laws § 139(2), cmt. d. Under this test, Mr. Knowlton undoubtedly relied on Georgia's strict therapist-patient protection. Prior to his in camera review, the judge himself stated that "if the records give no indication of suicidal thought, but contain highly personal and potentially embarrassing information about a family member that Mr. Knowlton disclosed to his therapist, disclosure would seem unfair." DE 117 at 8. The notes <u>do not</u> indicate any suicidal thoughts, but do reflect personal and sensitive information regarding Mr. Knowlton's relationship with his wife and son, his sex life, and his own and his wife's family histories. Thus, fairness should have fallen in favor of non-disclosure.

5

**Conclusion**

Based on the foregoing reasoning and authorities, Plaintiff respectfully requests that this Court reverse Magistrate Judge McAliley's order on Defendants' Renewed Motion to Compel and enter an order denying Defendants' motion.

Respectfully submitted,

DOFFERMYRE SHIELDS CANFIELD
    & KNOWLES, LLC
1355 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: 404/881-8900
Facsimile:  404/881-3007
By:         Everette L. Doffermyre, Esq.
            Martha J. Fessenden, Esq.
E-mail:    edoffermyre@dsckd.com
            mfessenden@dsckd.com

    and
LAW OFFICES OF ROBERT L. PARKS, P.L.
2121 Ponce de Leon Boulevard, Suite 505
Coral Gables, FL 33134
Telephone: 305/445-4430
Facsimile:  305/445-4431
E-mail:    bob@RLPlegal.com
*Counsel for Plaintiff*

BY:    s/ Robert L. Parks
          ROBERT L. PARKS
          Florida Bar No.: 061436

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 18, 2010,** I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

          s/ Robert L. Parks
          ROBERT L. PARKS
          Florida Bar No.: 061436

7

## SERVICE LIST

Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
David N. Gambach, Esq.
Florida Bar No.: 8540
dgambach@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200
Miami, FL  33131
Telephone:      305/379-3686
Facsimile:       305/379-3090
*Counsel for Defendants*

Everette L. Doffermyre, Esq.
edoffermyre@dsckd.com
Martha J. Fessenden, Esq.
mfessenden@dsckd.com
Doffermyre Shields Canfield & Knowles, LLC
1355 Peachtree Street, Suite 1600
Atlanta, GA  30309
Telephone:     404/881-8900
Facsimile:       404/881-3007
*Co-Counsel for Plaintiff*

8