UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-22423-CIV-JORDAN/McALILEY

R. TRAVIS COLLINS, as Personal Representative
of the Estate of DAVID KNOWLTON, deceased,

                Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC., a
Maryland corporation; THE RITZ-CARLTON
HOTEL COMPANY, LLC, a Maryland
corporation; THE RITZ-CARLTON
MANAGEMENT COMPANY, LLC, a Maryland
corporation; THE RITZ-CARLTON HOTEL
COMPANY, LTD., a foreign corporation; THE
ABACO CLUB RC, LTD., a foreign corporation;
and THE ABACO CLUB ASSOCIATION, LTD., a
foreign corporation,

                Defendants.
_____
THE RITZ-CARLTON HOTEL COMPANY, LTD.,
A foreign corporation; THE ABACO CLUB RC, LTD.,
A foreign corporation; and THE ABACO CLUB
ASSOCIATION, LTD., a foreign corporation,

                Defendants/Third Party Plaintiffs,

vs.

D. SCOTT LIBERTORE,

                Third Party Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WITNESS FOR DEPOSITION

The Plaintiff, R. TRAVIS COLLINS, as Personal Representative of the Estate of DAVID KNOWLTON, deceased, moves the Court for entry of an Order requiring Defendants to produce for deposition Kristi Hull in Abaco, Bahamas, upon the following grounds:

1. In the expert disclosure of MACTEC Engineering & Consulting, Inc., a defense expert, the following paragraph appears:

   **Upon concluding the site walk, discussion took place with Ms. Kristi Hull who is a sales representative at the Abaco Club since prior to 2007. She provided the property map that is within Exhibit 4. Ms. Hull indicated that to her knowledge, this map was given to all prospective purchasers. The map clearly indicates the property line that separates the resort from the Point and as the typical purchaser owns other property and is familiar with surveys accompanying a realty purchase, the property line as indicated in the offering map or on a survey accompanying a bill of sale, private property was a recognizable constraint.**

2. In early November 2010, the Plaintiff requested Defendants to produce Hull and Nick Simms, also mentioned in the report, for deposition in Abaco at a place to be determined. Plaintiff received the e-mail attached as Exhibit A from defense counsel indicating what Ms. Hull allegedly knew about the entire situation. Significantly, Exhibit A indicates that Ms. Hull spoke with the deceased, as well as the deceased's business partner, Ms. Shuman, and gave them a tour. There is no mention here or in any other e-mails of the fact that Ms. Hull was not an employee or under the control of one or more of the Defendants until much later.

3. E-mail by the Defendants dealing with this subject was sent to Plaintiff's counsel and responses given (Exhibits B, C, D and E).

4. On December 21, 2010, defense counsel advised "Ms. Hull advises she is unwilling to appear for deposition voluntarily." This was responded to by a letter (Exhibit F)

sent by Plaintiff to defense counsel. It was not until Thursday, January 20, 2011, that Plaintiff learned for the first time that Ms. Hull is not an employee of any of "Defendants directly," but is a sales person for the vacation club (Exhibit G).

5. The Defendants should be required to disclose the exact nature of Ms. Hull's employment and whether she has offices on the premises which allow her access to the property and guests with the permission and consent of the Defendants. Courts have consistently held that, if a defendant has control over a witness, particularly in a situation dealing with witnesses out of the country, the defendant should be required to produce them.

6. Further, Plaintiff has no way of understanding what it means to be not employed "directly," particularly in light of the disclosures in the expert report and in the previous e-mails from the Defendants indicating Ms. Hull's direct involvement with the deceased. Indeed, it is believed that she was the one who sold the property in question to Mr. Knowlton and Ms. Shuman.

**Memorandum of Law**

Had the Defendants simply told Plaintiff's counsel that Ms. Hull was not an employee in November 2010 and that they had absolutely no control over her, this would be a moot issue. Plaintiff continued to attempt to get dates for the deposition of Ms. Hull, notwithstanding the fact that Defendants knew or should have known that they were not going to produce her because she "would not appear voluntarily." The Defendants need to satisfy this Court on the issue of control and also need to explain whether they intend to bring her to testify in light of the fact that a full paragraph in their expert's disclosure relies upon factual material set forth by Ms. Hull.

Ms. Hull has been properly noticed for deposition on February 9, 2011, and both counsel for Plaintiff and the Third Party Defendant are prepared to take her deposition at that time in Abaco at a place convenient to her.

Plaintiff requests that this Court set a hearing to determine the control issue and whether or not she is going to be produced at trial by the Defendants and whether or not they will continue to have their expert rely, at least in part, on anything she has told him or shown him.

### Certificate of Compliance

I HEREBY CERTIFY that counsel for the movant has made reasonable efforts as shown by the attached exhibits to resolve with all parties who may be affected by the relief sought in this Motion, but has been unable to do so.

Respectfully submitted,

DOFFERMYRE SHIELDS CANFIELD
    & KNOWLES, LLC
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Phone:  404-881-8900
Fax:        404-881-3007
By:         Everette Doffermyre, Esquire
            Marti Fessenden, Esquire
E-Mail:   edoffermyre@dsckd.com
            mfessenden@dsckd.com

and

LAW OFFICES OF ROBERT L. PARKS, P. L.
2121 Ponce de Leon Boulevard, Suite 505
Coral Gables, Florida 33134
Phone:  305/445-4430
Fax:        305/445-4431
E-Mail:   Bob@RLPlegal.com

By:_____
ROBERT L. PARKS, Florida Bar Number 061436

*Attorneys for Plaintiff*

## Certificate of Service

WE HEREBY CERTIFY that a true and correct copy of the foregoing electronically filed with the Clerk of the Court by using the CM/ECF system this 21st day of January, 2010, who will send copies to all counsel on the attached Service List.

Robert L. Parks, Florida Bar #061436

## Service List

Everette L. Doffermyre, Esquire
edoffermyre@dsckd.com
Martha J. Fessenden, Esquire
mfessenden@dsckd.com
Doffermyre Shields Canfield & Knowles, LLC
1355 Peachtree Street, Suite 1600
Atlanta, Georgia 30309
Phone:	404-881-8900
Fax:	404-881-3007
***Co-Counsel for Plaintiff***

David Neal Gambach, Esquire
dgambach@hamiltonmillerlaw.com
Jerry D. Hamilton, Esquire
jhamilton@hamiltonmillerlaw.com
Hamilton Miller & Birthisel LLP
150 SE Second Avenue, Suite 1200
Miami, Florida 33131
Phone:	305-379-3686
Fax:	305-379-3090
***Counsel for Defendants***

Frederick E. Hasty, III, Esquire
Fhasty@WickerSmith.com
Wicker, Smith, O'Hara, McCoy & Ford, P. A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, Florida 33134
Phone:	305-448-3939
Fax:	305-441-1745
***Counsel for Third Party Defendant, Libertore***